## Solomon N. Bierce *vs.* Daniel N. Stocking.

In an action on a negotiable promissory note, in which the defences relied on are failure of consideration, and that the defendant was induced to give the note by false representations of the payee as the plaintiff's agent, the defendant, after the introduction of testimony tending to prove the agency, may be permitted to give in evidence conversations between the payee and himself, resulting in the sale of a patent to him, and a deed thereof executed by the payee as agent for the plaintiff, for which the note was given, if the jury are instructed not to regard them unless they find that the payee was the plaintiff's agent.

A college graduate, who testifies that at college he studied chemistry with a distinguished chemist, that he has taught chemistry five years, is acquainted with gases, has experimented with them and used apparatus, and knows how camphene is made, but has never experimented with lamps or made or used camphene, or paid particular attention

to fluid or camphene lamps, is competent to testify as an expert on the safety of a camphene lamp which he has never before seen.

In an action on a promissory note given in consideration of the sale of a patent right, the patent is not conclusive evidence of the utility of the invention.

In an action on a negotiable promissory note, the court instructed the jury that if the defendant was induced to make the purchase (which was the consideration for the note) and give the note, by false and fraudulent representations of the payee, in matters peculiarly within his knowledge and not known to the defendant, and would not have entered into the contract but for such representations, and the plaintiff had knowledge of the fraud, and the note was without consideration when the plaintiff purchased it, he could not recover. *Held,* that the plaintiff had no ground of exception.

A promissory note, given for a deed of a worthless patent right, accompanied by delivery of samples of the articles patented of no separate value, is without consideration.

ACTION OF CONTRACT on a promissory note, dated November 15th 1855, and payable in four months to Henry Stewart or bearer. Answer, that the consideration was a patent right, represented by the plaintiff to the defendant at the time of the sale to be useful and valuable, but in fact worthless; that the note was procured by false and fraudulent representations; and that the plaintiff had always been the owner or bearer of the note.

At the trial in the court of common pleas in Hampden, before *Aiken,* J., the plaintiff offered evidence tending to prove that the note was negotiated to him by Stewart, before maturity and for a valuable consideration. The defendant contended that either Stewart was the plaintiff's agent in selling to the defendant a patent right, which was the consideration for the note, and the plaintiff had always been the owner of the note; or that the plaintiff when he took the note knew the want of consideration. Upon the question of Stewart's agency, there was considerable evidence. The plaintiff testified: " I have known Stewart five or six years; he has been in my employ selling patents that I owned. He commenced nearly five years ago, or longer. I employed him off and on. He had half a dozen or more different powers of attorney from me. I was once the owner of the territory sold, and at one time authorized Stewart by letter to sell the same territory (Rhode Island) which was conveyed to the defendant, to one Chapin, of Vermont." The defendant offered in evidence the patent deed to the defendant, purporting to be signed by " Solomon N. Bierce per Henry Stewart, Agt." supported by the attesting witness.

The plaintiff objected to the admission of the deed.   But the judge admitted it; and instructed the jury that it would have no effect, unless it was made to appear that Stewart was the authorized agent of Bierce in executing it, or that it was subsequently ratified by Bierce; or that at the time of the purchase of the note by the plaintiff he knew that the note was without consideration.

· The defendant testified that the note was given by him to Stewart for the sale of the right of Deguinon's patent non-explosive camphene and fluid lamps for the State of Rhode Island; and he detailed the several conversations that took place before and at the sale.   He testified that when he first met Stewart, he was exhibiting camphene and fluid lamps, and said that they were non-explosive, and that Bierce was the owner and he (Stewart) was selling them; that the next evening Stewart, while exhibiting the lamp burning, asked the defendant to purchase the patent for the State of Rhode Island, said the lamp was safe and that the defendant could make money out of it, explained the principle of the lamps, and showed the chamber for the reception of the gas generated in combustion; that he asked Stewart if he was the owner, and he said he was the agent of Bierce, and had been selling the other states; that the defendant agreed to purchase the right for Rhode Island and give his notes for $400 at four months; that nothing more was said till the next Monday, when he met Stewart, who said the deeds and notes were all ready, and he asked for samples of the lamps, and Stewart took them from a trunk and gave them to him, and he executed the notes and they exchanged papers.   The plaintiff objected to the admission of this testimony.   But the court admitted it under the same limitations and instructions as the deed.   The defendant also testified to subsequent acts of the plaintiff recognizing Stewart as his agent.

The defendant offered Oliver Marcy as an expert to testify that the lamp was not non-explosive, who testified, in preliminary examination, " that he graduated at Middletown College, where he studied chemistry under Professor John Johnson,

whom he considered one of the best authorities in the country in chemistry; that he was and had been for five years a teacher of chemistry, natural philosophy, botany and geology in Wilbraham Academy; that he had daily recitations in chemistry; had experimented with gases, and used apparatus; used Johnson's Elements as a class book in teaching; had never experimented with lamps, or seen this before; never made or used camphene, but knew how it was made; had never given any particular attention to this subject of fluid or camphene lamps, except that he had used a common fluid hand lamp; but that he was familiar with gases." The plaintiff objected to his admission as an expert. But the judge overruled the objection; and he testified that in his opinion the samples shown him would be liable to explode, and that he did not think the lamp safer for the chamber, and did not think it would prevent explosion.

The plaintiff contended that the issuing of a patent at the patent office was of itself conclusive evidence of the value and usefulness of the invention, unless it should appear that it was obtained by fraud or false representations; and requested the judge so to instruct the jury. But the judge declined; and instructed the jury " that it was competent for the defendant to show that the invention was not useful, but was worthless and therefore no consideration for the note; that if under any circumstances the lamp in question diminished the danger of explosion, or might be beneficially applied to any of the purposes stated in the specifications, it might be deemed a useful invention; but if the jury were satisfied that the invention was wholly useless, in the sense above explained, and that the plaintiff, when he purchased the note, had knowledge what the consideration was, and that the note was without consideration, he could not recover; that if by false and fraudulent representations of Stewart, in matters not known to the defendant and which were peculiarly within the knowledge of Stewart, the defendant was induced to make the purchase, and give his notes, and would not have entered into the contract of purchase if it had not been for such representations, and the plaintiff had

knowledge of the fraud, and that the note was without consideration at the time he purchased it, then he could not recover; that the same amount of evidence would be required, the burden being upon the defendant, as would be required to support an action for the deceit; that the plaintiff was entitled to recover on the note unless the defendant, the burden being upon him, made out his defences, one or more of them, which he had set up; and that the samples delivered as above stated were incidents or adjuncts to the sale, and as there was no evidence that they were of any separate value of themselves, the plaintiff could not recover for them."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*W. G. Bates,* for the plaintiff.

*F. Chamberlin,* for the defendant.

BY THE COURT. 1. The deed of the patent right was properly admitted. The testimony of the plaintiff laid a foundation for proof of the acts of Stewart as his agent in selling patent rights, and the instructions of the court required the jury to give no effect to the deed unless they first found that it was duly executed by Stewart as the agent of the plaintiff. Besides; the deed, being the consideration of the note in suit, was admissible as a link in the chain of evidence.

2. The declarations of Stewart in conversation with the defendant were also admissible. They were offered as the declarations of the agent of the plaintiff while engaged in his business, and the jury were instructed to give no weight to them unless they first found the fact of the agency.

3. The witness offered as an expert had sufficient special experience and knowledge to render him competent to testify as an expert, and his testimony was properly admitted.

4. The instructions given to the jury were open to no just exception. *Bliss* v. *Negus,* 8 Mass. 46. *Dickinson* v *Hall,* 14 Pick. 217. *Exceptions overruled.*